1    WO

2

3

4

5

6                        **IN THE UNITED STATES DISTRICT COURT**

7                            **FOR THE DISTRICT OF ARIZONA**

8

9    Jaime Flores,                              No.  CV 13-1769-PHX-RCB (LOA)

10                          Plaintiff,

11          vs.                                          **O R D E R**

12   Pinal County Sheriff's Office, et al.,

13

14                          Defendants.

15

16          Plaintiff Jaime Flores, who is confined the Arizona State Prison Complex-Lewis,

17   filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 in Pinal County Superior Court.

18   On August 27, 2013, Defendants removed the action to this Court and paid the filing fee.

19   In a November 26, 2013 Order, the Court dismissed the Complaint and gave Plaintiff 30

20   days to file an amended complaint that cured the deficiencies identified in the Order.

21          On December 27, 2013, Plaintiff filed a Motion for Extension of Time to File

22   Amended Complaint (Doc. 6).  Defendants filed a Response and Plaintiff filed a Reply.

23   On February 3, 2014, Plaintiff filed his First Amended Complaint (Doc. 10).

24          The Court will order grant the Motion for Extension of Time and accept the First

25   Amended Complaint as timely filed.  The Court will also order Defendant Agangan to

26   answer the retaliation claim in the First Amended Complaint and will dismiss the

27   remaining Defendants without prejudice.

28   . . .

**TERMPSREF**

1    **I.      Statutory Screening of Prisoner Complaints**

2          The Court is required to screen complaints brought by prisoners seeking relief

3    against a governmental entity or an officer or an employee of a governmental entity.  28

4    U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

5    has raised claims that are legally frivolous or malicious, that fail to state a claim upon

6    which relief may be granted, or that seek monetary relief from a defendant who is

7    immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

8          A pleading must contain a "short and plain statement of the claim *showing* that the

9    pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

10   does not demand detailed factual allegations, "it demands more than an unadorned, the-

11   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

12   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

13   conclusory statements, do not suffice."  *Id.*

14         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

15   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

16   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

17   content that allows the court to draw the reasonable inference that the defendant is liable

18   for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible

19   claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

20   on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's

21   specific factual allegations may be consistent with a constitutional claim, a court must

22   assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*

23   at 681.

24         But as the United States Court of Appeals for the Ninth Circuit has instructed,

25   courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,

26   342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

27   stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.*

28   *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

**II.     First Amended Complaint**

Plaintiff names the following Defendants in the First Amended Complaint: the Pinal County Sheriff's Office; Sergeants Slinendoll and Agangan; and Detention Officers N. Youssef and Young.

Plaintiff raises one claim for relief in which he alleges that on August 24, 2012, he was sexually assaulted during his sleep while confined in the Pinal County Detention Center.  Plaintiff states that the next day his underwear was sent to a lab for processing and that "Pinal County Detention ignored [his] complaints of sexual assault."  Plaintiff further claims that Defendant Agangan "retaliated against [him] for filing grievances (about being sexually assaulted and complaining of sexual assault) by putting [him] in the hole and writing a ticket for fighting [his] cellmate (the same one that raped [him])."  Plaintiff claims that he complained about the sexual assault to Defendants Slinendoll, Agangan, Youssef, and Young.

Plaintiff seeks money damages.

**III.    Failure to State a Claim**

**A.     Pinal County Sheriff's Office**

The Pinal County Sheriff's Office is not a proper defendant.  In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. *See* Ariz. Rev. Stat. § 11-441(A)(5); Ariz. Rev. Stat. § 31-101.  A sheriff's office is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties and not a "person" amenable to suit pursuant to § 1983.  Accordingly, the Pinal County Sheriff's Office will be dismissed from this action.

**B.     Failure to Protect**

The Supreme Court has held that mere negligent failure to protect an inmate from another inmate is not actionable under § 1983.  *Davidson v. Cannon*, 474 U.S. 344 (1986).  A prison official violates the Eighth Amendment in failing to protect one inmate from another only when two conditions are met.  First, the alleged constitutional deprivation must be, objectively, "sufficiently serious;" the official's act or omission

must result in the denial of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).   Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. *Id.*   In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must *both* be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference." *Id.* at 839 (emphasis supplied).

Plaintiff has not alleged facts sufficient to show that Defendants were deliberately indifferent to a substantial risk of serious harm to Plaintiff's safety.   Specifically, Plaintiff has not alleged that Defendants were aware Plaintiff's cellmate posed a risk to Plaintiff's safety and failed to act.

Further, Plaintiff's allegation that Defendants "did nothing" after the attack is too vague to state a claim.   It is unclear whether Plaintiff intends to claim he was denied medical or other treatment after the attack or if he intends to claim Defendants failed to investigate or punish Plaintiff's attacker.   The Court will dismiss without prejudice these portions of Plaintiff's First Amended Complaint as well as Defendants Slinendoll, Youssef, and Young.

**IV.   Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has adequately stated a retaliation claim against Defendant Agangan and the Court will require Defendant Agangan to answer the First Amended Complaint.

**V.   Warnings**

**A.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.   Plaintiff must not include a motion for other relief with a notice of change of address.   Failure to comply may result in dismissal of this action.

. . .

**B.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Motion for Extension of Time (Doc. 6) is **granted**.  The Court will accept the First Amended Complaint as timely filed.

(2)     Plaintiff's failure to protect claim in the First Amended Complaint is **dismissed** without prejudice.

(3)     Defendants Pinal County Sheriff's Office, Slinendoll, Youssef, and Young are **dismissed** without prejudice.

(4)     Defendant Agangan must answer the retaliation claim in First Amended Complaint.

(5)     Defendant Agangan must answer the First Amended Complaint (Doc. 10) or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

. . .

. . .

. . .

. . .

1        (6)    This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant

2  to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings

3  as authorized under 28 U.S.C. § 636(b)(1).

4        DATED this 9th day of May, 2014.

Stephen M. McNamee
Senior United States District Judge